# Pennsylvania Department of State v. Mt. Joy Borough

*Thomas McKeen Chidsey*, Attorney General, and *Raymond C. Miller*, Deputy Attorney General, for Pennsylvania Department of State.

*Arnold, Bricker and Buyer*, for appellant.

RICHARDS, P. J., October 7, 1948.—This is an appeal by the Borough of Mount Joy from an adjudication of the Pennsylvania Department of State refusing approval of articles of incorporation of the Mount Joy Borough Authority. The appeal is brought under the provisions of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1.

The Borough of Mount Joy passed an ordinance creating the Mount Joy Borough Authority. Such action is authorized by the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §2900z-1. Thomas J. Brown, burgess of the borough, was named to the board of the authority. The articles of incorporation revealed this fact. The Department of State refused approval of the articles for this reason, being of the opinion that the two positions are inimicable, and that consequently the articles did not conform to law. This is the sole issue in the case.

*Discussion*

The Municipality Authorities Act provides, in section 3(c) (53 PS §2900z-3) as follows:

"If the Secretary of the Commonwealth finds that the Articles of Incorporation *conform to law*, he shall forthwith, but not prior to the day specified in the aforesaid notice, endorse his approval thereon, and when all proper fees and charges have been paid, shall file the articles. . . ." (Italics supplied.)

Under this section it is the duty of the secretary to determine whether or not said articles "conform to law". In making the determination he may consider and apply all relevant statutory provisions and court decisions. This brings us directly to the issue here involved, namely: Is it lawful to appoint a burgess to the board of a municipal authority?

The Borough Code of July 10, 1947, P. L. 1621, 53 PS §12222, et seq., contains certain provisions relating to burgesses.

Section 1003 (53 PS §12893) permits a burgess to cast a vote in council in case of a tie or split.

Section 1007 (53 PS §12897) provides that when a burgess vetoes an ordinance or resolution it may be enacted over his objection by a two-thirds vote of council, or by a vote of a majority plus one, when council consists of less than nine members.

Section 1020 (53 PS §12931) provides that a burgess shall not be a member of council, nor preside at meetings thereof, nor vote therein, *except* as provided in section 1003, supra. (Italics supplied.)

It is clear, therefore, that a burgess may have the balance of power in a council meeting and that his vote may decide the issue. Also, by exercising the veto power he may be able to thwart the will of the majority of council or at least make action more difficult. Our Supreme Court has already decided that it is against public policy to appoint a councilman to a

borough authority; see Commonwealth ex rel. Mc-Creary v. Major, 343 Pa. 355. We can see no difference in principle between the appointment of a councilman and a burgess. If a councilman is ineligible because of incompatibility of office, a burgess would seem to be in the same category. Both have a vote in council, under the above statutory provisions. Both would represent separate corporate entities whose interests might be inimicable. They scarcely can serve two masters. All of the reasons which our Supreme Court has given for the disqualification of a councilman would seem to be equally applicable to a burgess. We hold, therefore, that the Secretary of the Commonwealth, the head of the Department of State, correctly concluded that the articles of incorporation did not conform to law and that his refusal to approve the same was proper.

Several other minor matters were argued by counsel. It was contended that the articles should have been approved and thereafter eligibility tested by quo warranto. If this be so, councilmen could be appointed notwithstanding the pronouncement of the Supreme Court in the Major case, supra, and an action of quo warranto would be necessary to oust them. It was also argued that we could not determine eligibility in this appeal. We think the very purpose of the Administration Agency Law was to afford a simple remedy. Otherwise, it would be necessary to resort to an action of mandamus to enforce approval of articles conforming to law but which the secretary, for some reason or other, had refused to approve.

For all of the foregoing reasons, the appeal must be dismissed.

### Order

And now, to wit, October 7, 1948, the appeal is dismissed at the cost of appellant.